UNITED STATES of America

v.

Vincent J. RICCIARDI, Fred Meyer, and Stanley M. Unger, Defendants.

No. 64 Cr. 863.

United States District Court
S. D. New York.

Jan. 6, 1965.

**132**

See also D.C., 40 F.R.D. 133.

Andrew J. Maloney, Asst. U. S. Atty., New York City, for United States.

Herbert S. Siegal, New York City, for defendant Stanley M. Unger.

WYATT, District Judge.

This is a motion by defendant Unger (1) for an order (said to be asked under Fed.R.Crim.P. 14) directing a separate trial of Unger for misjoinder of defendants in violation of Fed.R.Crim.P. 8(b) and (2) for a bill of particulars (Fed.R. Crim.P. 7(f)).

The indictment has 23 counts. Movant is named in counts 16 through 21, each such count charging him with a violation of 29 U.S.C. § 186—"restrictions on payments to employee representatives" etc.

Defendant Ricciardi is named in counts 1 through 15, each such count charging a violation of the same statute.

Defendant Meyer is named in counts 22 and 23, each of these two counts charging a violation of the same statute.

**(1) Motion for severance under Fed.R.Crim.P. 14**

A motion for severance by defendant Ricciardi is being granted for reasons set forth in a memorandum opinion being filed with the order. The same reasons are applicable to this motion by defendant Unger.

Accordingly, the motion of defendant Unger for a severance is granted.

*(2) Motion for a bill of particulars Fed.R.Crim.P. 7(f)*

Unger here seems to request an order directing the government to furnish information relating to each count of the indictment. In view of the fact that he is being granted a severance, the motion is treated as relating only to the counts in which he is named (16–21).

The motion for a bill of particulars is disposed of as to each item as follows:

1. Denied.

2. Denied.

3. Granted on consent. The government will state as to each count the date and place when and where each of the requests and demands for money from the employers are claimed to have been made by Unger. The government will also state the name of the employer or employer organization upon whom such requests and demands were made.

4. Granted to the extent that the government is directed to state as to each count the date and place when and where the alleged payments of money were made to Unger, and the name of the employer or employer organization making such payments.

So ordered.